Ingalls v. Averitt.

C. H. INGALLS, Respondent, v. A. D. AVERITT, Appellant.

**Kansas City Court of Appeals, March 4, 1889.**

1.  **Pleading in Justice's Court:** SUFFICIENCY OF STATEMENT. An account in the following form, A., Dr. to J.

    For one cow weight 1063 lbs. at $2.60 per cwt..... $27.63.
    May 21, by 11 pounds beef........................    .65.
    _____
    Balance. ...................................    26.98.
                                                J.,
    is a sufficient statement in a justice's court.

2.  **Parties:** A NEW PARTY DEFENDANT NOT ALLOWED ON APPEAL IN THE CIRCUIT COURT, WHEN. When in the justice's court the defendant appears and admits the purchase of the cow for the delivery of which plaintiff is seeking to charge him, and seeks to defeat a recovery on the grounds of false representations of the plaintiff as to her condition ; and the evidence throughout shows that both parties dealt with each other in proper person, the action of the circuit court, overruling defendant's application as administrator of the partnership estate of himself and another to make him as such administrator a party defendant on the ground that such estate, being the real party in interest, is a necessary party, is sustained.

3.  **Agency, How Shown:** EVIDENCE : DECLARATION OF PERSON IN CHARGE OF DEFENDANT'S SHOP ADMISSIBLE. The fact, that when plaintiff went to deliver the cow he found F. in apparent charge of the defendant's shop and in conduct of the business, and he weighed the cow and directed her placed in the pen, constitutes such *prima-facie* case of agency as to admit in evidence his declarations made while transacting the business ; and to authorize the submission to the jury of the question of F.'s authority to receive the animal.

*Appeal from the Gentry Circuit Court.*—HON. C. S. H. GOODMAN, Judge.

AFFIRMED.

Statement of the case by the court.

The respondent began this suit before one George E. Butler, justice of the peace, by filing, with said justice of the peace, what purports to be an account in words and figures as follows:

"May 26, 1887.

"A. D. AVERITT, Dr. to
        "C. H. INGALLS, for one cow,
weight 1063 lbs. at $2.60 per cwt........ $27.63
May 21, by 11 lbs. beef................    .65

"Balance due....................... 26.98
        "C. H. INGALLS."

Appellant appeared before said justice by his attorney, and verbally denied owing the plaintiff any amount whatever, and for further defense averred the facts to be, that he contracted for the cow from plaintiff, solely on his representing that she was a good corn fed beef cow, seven years old, that the cow was not the kind plaintiff represented her to be, that she was not fat, or fit for beef, that she was old and heavy with calf, and that defendant refused to accept her, and that plaintiff bought sixty-five cents' worth of beef from defendant and had the same charged to him, and that nothing was said about it being credited on purchase price of the cow. The cause was tried in the justice's court upon the issues thus made, verdict and judgment for defendant, and the case was taken on appeal by the plaintiff to the Gentry county circuit court, where, on the twelfth day of September, 1887, A. D. Averitt, administrator of the partnership estate of Averitt & Hall, by his attorneys, filed a motion praying to be made a party defendant in this cause, which motion is in the words and figures following, to-wit:

"C. H. INGALLS, Plaintiff,

     *vs.*

"A. D. AVERITT, Defendant,

"In the circuit court of Gentry county, Missouri, September term, 1887. Comes now A. D. Averitt, administrator of the partnership estate of Averitt & Hall, appearing for the purpose of this motion only and asks the court that he as such administrator of said estate be made a party defendant to this suit, for the reason that said estate is a necessary party to said suit, being the real party in interest.

"S. H. BENSON and $\Big\}$ Att'ys for said Administrator."

"J. H. McCARTY,

On the same day the court overruled said motion, and to the action of the court in overruling said motion the defendant at the time excepted, and on the same day the case was tried in said circuit court, on the same pleadings and statement hereinbefore set out as made in the justice's court before a jury.

It seems from the evidence adduced at the trial, that defendant was engaged in conducting a butcher shop at Stanberry, Missouri, and that on May 21, 1887, he agreed with plaintiff for the purchase of a beef cow, and that plaintiff represented the cow to be corn fed and in ordinary beef condition, etc. As per agreement the cow was brought to plaintiff's place of business on May 26. The defendant was not at the shop at the time the cow arrived, but a man named Flowers was there in the apparent conduct of the business and he attended to the weighing, and as plaintiff says directed the cow to be placed in the defendant's slaughter pen.

At this point of time defendant appeared and on examining the cow refused to accept and pay for her. At the trial of this action in the circuit court the plaintiff secured judgment and defendant appeals.

The following is the fourth instruction mentioned and approved in the opinion :

The court, of its own motion, gave the following instruction :

"4. To constitute a delivery in this case it is necessary for plaintiff to prove, by a preponderence of the evidence, that Averitt, or a person duly authorized by him as his agent, received said cow ; but if Flowers was in charge of the defendant's shop at the time, and apparently conducting the business, and made no disclosure of his want of authority, then plaintiff had a right to presume that he was authorized to receive the cow."

*S. H. Benson* and *J. H. McCarty*, for appellant.

(1) The statement or account is not sufficient to constitute a cause of action ; it does not apprise the defendant of what he has to meet, and could not be pleaded in bar to another action. *Weese v. Brown*, 28 Mo. App. 521 ; *Hill v. Ore & Steel Co.*, 90 Mo. 104 ; *Butts v. Phelps*, 79 Mo. 302 ; *Swartz v. Nicholson*, 65 Mo. 508 ; *Brashears v. Strock*, 46 Mo. 221. (2) The court erred in overruling motion of A. D. Averitt, administrator of the partnership estate of Averitt & Hall, to be made party defendant. If the estate was the real party in interest, this suit was improperly brought against A. D. Averitt alone. *State ex rel. v. Sanderson*, 54 Mo. 203 ; *Rainy v. Smizer*, 28 Mo. 310. (3) The court erred in admitting plaintiff and George Hammond to testify to conversation between plaintiff and Flowers, and to the acts and conduct of Flowers in defendant's absence, over the objection of defendant. Before this conversation would be admissible in evidence, plaintiff should establish *prima facie*, that Flowers was Averitt's agent, with power to receive the cow. *Robinson v. Walton*, 58 Mo. 380. (4) Instruction number 4, given by the court of its own

motion, should not have been given. The mere fact, that Flowers was in charge of defendant's shop, did not authorize plaintiff to presume that he was authorized to receive the cow. In order to bind the principal, the act of the agent must be within the limits of his agency. *Brasnahan v. Brewing Co.*, 26 Mo. App. 386; *Bank v. Gay*, 63 Mo. 33; *Capples v. Whelan*, 61 Mo. 583; *Barrett v. Railroad*, 9 Mo. App. 226.

*McCallough & Perry* and *Ed. E. Aleshire*, for respondent.

(1) The statement is sufficient to support a judgment. It is in the ordinary form of a merchant's account, giving all the items, and fully advises the defendant of the nature of the claim against him. This is all that is required. *Phillips v. Fitzpatrick*, 34 Mo. 276; *Quinn v. Stout*, 31 Mo. 160; *McCartney v. Aur*, 50 Mo. 395; *Smith v. Monks*, 55 Mo. 106; *Armstrong v. Keleher*, 71 Mo. 492; *City of Kansas v. Johnson*, 78 Mo. 661; *Coughlin v. Lyons*, 24 Mo. 533; *Hale v. Van Dever*, 67 Mo. 733; *Bank v. Hammerslough*, 72 Mo. 275; *Meyer v. McCabe*, 73 Mo. 242; *Strathman v. Giola*, 14 Mo. App. 5. But it is too late to object to the statement. The appellant should have moved in the trial court to make the pleading more definite and certain. *Bush v. Diepenbrock*, 20 Mo. 568; *Beard v. Parks*, 44 Mo. 224. (2) The court did not err in overruling defendant's application as administrator of the partnership estate of Hall & Averitt, to be made a party defendant, or in excluding the evidence offered by him to prove such administratorship for these reasons. R. S., sec. 661; *Bryant v. Hawkins*, 47 Mo. 410; *Bank v. Cottey*, 70 Mo. 150; *Simpson v. Schutte*, 21 Mo. App. 639. (3) The evidence showed that the man Flowers was at defendant's place of business alone, in charge thereof, and apparently conducting the same. That

he immediately proposed to receive and weigh the cow, and did do so. There is no evidence, nor claim of any knowledge on the part of plaintiff of any limitation of the character of Flowers' agency. Plaintiff, therefore ( under a rule as old as the law of agency ), had a right to treat with him as the agent of defendant within the scope of his apparent authority. Ewell's Evans Ag. [ Ed. 1879 ] marginal pp. 400, 440, 453 ; *Pruitt v. Railroad*, 62 Mo. 257 ; *Harrison v. Railroad*, 74 Mo. 364 ; *Gelvin v. Railroad*, 21 Mo. App. 273 ; *Nicholson v. Golden*, 27 Mo. App. 132 ; *Baker v. Railroad*, 91 Mo. 152 ; *Sumner v. Sanders*, 57 Mo. 89 ; *Brooks v. Johnson*, 55 Mo. 505.

GILL, J.—I. The objection to the sufficiency of the statement is not well taken. The suit is for account of goods sold and delivered and the statement is ample to advise the defendant of the matter with which he is charged. R. S. 1879, secs. 2851, 2852 ; *Coughlin v. Lyons*, 24 Mo. 533, and other cases decided by the supreme court of Missouri, cited in plaintiff's brief.

The case reported in 28 Mo. App., p. 521, relied on by defendant's counsel, it seems was so decided on authority of *Hill v. Ore & Steel Co.*, 90 Mo. 104. But the latter case will not justify this court in holding the statement filed in this cause to be insufficient. The statement contained in the 24 Mo., *supra*, was substantially as in the case at bar, and the supreme court held such statement all the law required, and so we hold as to the statement now under consideration.

II. The trial court ruled properly in refusing the application of the administrator of the estate of Averitt & Hall to be made a party defendant in the cause. The plaintiff was seeking to charge the defendant, A. D. Averitt, on an account for a cow sold and delivered to

him.　If the cow was not sold to him, Averitt, but was sold to another then that would have been proper matter of defense.　If the cow was sold to the defendant and another, then the plaintiff had his election to pursue one or both, since the obligation would have been a *several* as well as a *joint* obligation.　If Averitt was not the principal in the purchase of the cow and was acting, not in his own behalf, but as agent for another then it was clear the agency was undisclosed, and even in that case the plaintiff might sue the agent of such undisclosed principal.　The evidence throughout all shows that both parties dealt with each other in proper person, and, as appears by defendant's own statement of the cause, now appended to his brief, the defendant appeared in the suit before the justice, and admitted having contracted for the cow in his own behalf, and sought to defend the action by showing she was not of the quality promised by the plaintiff.　Under the circumstances it would have been trifling with justice to have permitted the administrator of an estate to be substituted in the circuit court as defendant, thereby depriving the court of jurisdiction for the reason that justices of the peace are not permitted to try causes against an administrator, as provided by Revised Statutes, 1879, section 2837.

III.　Neither did the circuit court commit error in admitting evidence as to conversations had with Flowers, defendant's agent, in charge of the butcher shop at the time of the delivery of the cow, nor in submitting the question of Flowers' authority to receive the animal. It is true, as stated by Judge NORTON, in 58 Mo. 385, that to entitle plaintiff to this evidence there must be a *prima-facie* case of agency shown before the declarations of the agent can be admitted.　Flowers was shown to be in charge of the business at the shop—was there alone on the day the cow was delivered, apparently in

full charge of the defendant's business. Third parties had the right to assume that he was authorized to act for the defendant in all the business ordinarily transacted at the shop. They had a right to assume his authority to accept stock for slaughter and to slaughter and sell the same in the usual way. He was then apparently defendant's general agent in charge, and his declarations, made while transacting the business of which he had apparent charge and connected therewith, were properly admitted. The court's instruction, number 4, was a proper declaration of the law. Story Ag., sec. 127.

Perceiving no errors, the judgment of the circuit court is affirmed. All concur.