Miltenberger v. Hulett.

---

## ELLIOTT MILTENBERGER, Appellant, v. PAUL HULETT, Respondent.

### Kansas City Court of Appeals, April 5, 1915.

AGENCY: Imposter: Apparent Authority. If the proprietor of a baggage transfer office, by negligence, permits one who is not his agent to be in apparent charge, of his office and who assumes to transact the proprietor's business by accepting a check from a stranger for the latter's trunk to be taken to his boarding house, and the appearances are such as would lead a man of ordinary care to believe the imposter was really the proprietor's agent, the latter will not be permitted to take advantage of the imposter's lack of authority, when sued for the loss of the trunk.

188MA18

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*D. W. Robert* and *Walker & Walker* for appellant.

*Gillespie & Conley* for respondent.

ELLISON, P. J.—In September, 1913, plaintiff came into Columbia, Missouri, as a passenger on one of the incoming trains, intending to enter the State University in that city, as a student. Defendant was in the transfer business and plaintiff on inquiring where he could find a transfer office was directed to defendant's. He went there and gave his trunk check to a man in the office directing him to send the trunk to his (plaintiff's) boarding house. The man took the check, acepted pay for the transfer and said he would send the trunk as directed. It was never delivered, and defendant denies any knowledge of the transaction; stating, that if a man received the check and transfer charges, he was an imposter acting without authority. In response to this plaintiff claims the man was in defendant's office in apparent charge of his business and that he (plaintiff) had a right to rely upon appearances. The trial court found for defendant.

Defendant's place of business is a single room about eighteen feet square with a place for coal fuel cut off from one side. The room is about six feet above the street, and is reached by steps leading from the sidewalk. It has a glass front and there is a small place latticed off where defendant, or his assistant, sat and generally transacted the business. Defendant's wife ordinarily occupied this place, and was in charge the day of the transaction in controversy.

Plaintiff testified in the circuit court that, "The man was standing there by a trunk which was standing quite inside the doorway. I handed him the check and asked him if he would deliver my trunk to my address 701 Hitt street and he said he would, and he took the check and wrote on it, as I suppose, 701 Hitt. He said, 'Do you want to pay for it now, or when it is delievered?' and I said, 'It don't make any differ- ence, I would just as soon pay you now.' I handed him twenty-five cents and he marked it paid. Then I went out. When he wrote on the check he rested it upon a trunk." It appears from plaintiff's testimony that he did not see defendant's wife in the room, nor any one else, save this man.

Defendant's wife testified that she was in the room all day from seven o'clock in the morning until seven o'clock at night, that she ate her lunch in the room and was only absent a few moments when it was necessary for her to go into the place where the coal, above re- ferred to, was kept.

The law is that if a proprietor of a place of busi- ness by negligence permits one who is not his agent to be in apparent charge and who assumes to transact the proprietor's business with a patron, the appear- ances being such as would lead a man of ordinary care, to believe the imposter was really his agent, he will not be permitted to take advantage of the im- poster's lack of authority. [Ingalls v. Averitt, 34 Mo. App. 371; Tiffany on Agency, 34, 37; Story on Agency, sec. 127, and authorities *infra*.]

The evidence tended to show a state of facts which would render defendant liable under that state- ment of the law. It tended to show (if his wife was not present) that he had negligently left his place un- occupied and thereby gave opportunity to the imposter to impose upon an innocent stranger. Or, if his wife was left in charge, that she, temporarily at least, left the office without locking the door. Or, if she was not

absent, she knew of the action of the imposter, or could have known, by the exercise of reasonable care.

In this state of the evidence in plaintiff's behalf, the court gave two instruction for him substantially embodying the law as above stated. In doing so the court found it necessary to add a qualification that plaintiff exercised the ordinary care of an ordinary prudent person in concluding that the man he found there was in charge and authorized to transact the business. The point of objection is that the qualification threw a burden of inquiry onto plaintiff as to one assuming to act as an agent with authority. If we judge by the argument in behalf of plaintiff, he draws inferences which the qualification does not justify. He asks: Must one dealing with a person in apparent charge of a store go out and inquire as to his authority? or must he require such person to exhibit his credentials? The instruction does not bear that meaning. The evidence was not conclusive as to the apparent character or authority of the man plaintiff found at defendant's place of business. Undoubtly, one entering the place of business of another, should not, under *all* circumstances, enter upon his business errand with *any* one he might see there. The appearances might be such that a reasonable person would observe in a moment that the person was a mere idler, or a stranger happening there for the moment. It is necessary that he should exercise the ordinary care that a common sense man would exercise in a similar situation. In some situations it would be apparent the party found in the place of business had no authority. In others it might be such that an ordinarily prudent person would be justified in assuming he was in charge of the place. If a prudent person is justified by the situation and appearances in so assuming, and it turns out that the one found in the place was an imposter the loss should be met by the negligent employer, who so acted, or conducted his business as to allow

an imposter to impose himself upon an innocent party. And such is the law. [Mechem on Agency, secs. 720, 726 (Second Edition); St. Louis Gunning Co. v. Wanamaker, 115 Mo. App. 270, 286, 289; Johnston v. Milwaukee Co., 46 Neb. 480; Cartage Co. v. Cox, 74 Ohio St. 284, 294.]

Another objection made by plaintiff is that the court permitted defendant's wife to testify to a matter which he says was hearsay. She was asked this question: "State whether or not any trunks were removed from the Katy depot that day or not?" Plaintiff's counsel interposed saying: "Objected to. She was not present at the Katy station." The court then stated "She may state if she knows," and counsel excepted. She answered: "Well I could say that no agent of Mr. Hulett's unstripped any baggage at the Katy depot after 2:40 o'clock, for he had but one agent there, and that agent left and went to Christian College and put on baggage up there." Counsel then moved to strike the answer out as being hearsay. The court stated: "I will not strike it out. It is before the court and I will try to give the various bits of testimony the weight they are entitled to." Plaintiff excepted. We think the court was right in rulings. The question did not disclose, nor indicate, that hearsay evidence was asked for; nor did the answer disclose, on its face, that her statement was hearsay. The court, in effect, admonished her not to answer unless she knew. Plaintiff's idea that the evidence was hearsay, grows out of the fact that the witness stated on examination in chief and cross-examination, that she brought her lunch and remained in defendant's office all day, thereby, apparently, contradicting herself. Her statements are so inconsistent that one or the other must give way. Both cannot be true, since, if she was at the depot and knew there was but one agent there and that he left at 2:40 o'clock, she could not have been in the office all of that day. Which of the

statements was true, or whether either was, was a question which the court, sitting as a jury, had a right to decide. Contradictions in the testimony are not a cause for striking out the testimony. They strike at the credit the evidence should receive. The course which plaintiff should have taken after defendant answered the question (she having been told not to answer unless she knew) was to have asked her, and had her tell, how she knew. She could then have stated that she was at the depot and was mistaken when she said she was in defendant's office all day; or, she could have stated that some one told her; or she could have explained herself as she liked. Plaintiff has chosen to assume that the evidence was hearsay because it was not reconcilable with other parts of her testimony. We think his position in the matter is not tenable.

The judgment should be affirmed. All concur.