## SIEGAL v. PORTAGE YELLOW CAB CO.

*Trial practice—Reopening of plaintiff's case after resting, within discretion of court—Abuse of discretion—Refusal to reopen plaintiff's case after motion for a directed verdict.*

1. Where, after resting his case, plaintiff asks permission to reopen same and introduce further evidence, it is within the sound discretion of the court to grant or refuse such request.

2. Where defendant moves for a nonsuit because of the lack of certain evidence, and the plaintiff asks permission to reopen the case for the purpose of introducing evidence which will control the court's action on such motion, it is an abuse of discretion to refuse such request.

(Decided December 14, 1926.)

ERROR: Court of Appeals for Summit county.

*Messrs. May & May,* for plaintiff in error.
*Messrs. Ormsby & Kennedy,* for defendant in error.

WASHBURN, J. The record in this case discloses that Edward Siegal, plaintiff in error, sued the Portage Yellow Cab Company, defendant in error, to recover damages for personal injuries which plaintiff claimed to have suffered by being run into by a taxicab of the defendant while crossing a street at an intersection. The accident occurred about 11 o'clock at night, when there were no passing street cars or other vehicles on the street except the one causing the accident, and when the street intersection was well lighted.

The plaintiff testified both on direct and cross examination that as he left the curb he looked

in one direction, to the south, but did not look in the opposite direction, to the north, to see what traffic there was.

At the close of plaintiff's evidence, the defendant moved the court, "to arrest the testimony from the jury and direct a verdict for the defendant, on the ground that the plaintiff's own testimony shows that he was negligent and acted in the direct violation of the state statute, in full force and effect at the time of this alleged injury. Section 6310-36 (General Code)."

That section provides that "Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching."

The record further discloses that counsel for defendant and counsel for plaintiff then presented their arguments on said motion, but such arguments are not set forth in the record; and thereupon counsel for the plaintiff said to the court: "If there is any doubt, I would like to recall Mr. Siegal with reference to where he looked."

That was objected to, and counsel for the plaintiff further said to the court: "For the purpose of the record—at this time there seems to be some doubt as to the fact, and I ask leave to reopen plaintiff's case for the purpose of further examining the plaintiff with reference to looking to the north on Main street, the direction in which he was going, before stepping out into the highway."

To that formal request the defendant again objected, and the court sustained such objection and overruled plaintiff's motion, to which an exception was taken by the plaintiff, whereupon the court sustained the motion of the defendant and directed

a verdict in favor of the defendant, to which ruling the plaintiff took an exception.

It will be observed that the defendant requested the court to direct a verdict in its favor upon the sole ground that the plaintiff, according to the record as it then stood, failed to look to the north as well as to the south at the time he left the curb to cross the street, and the plaintiff made timely application for leave to offer additional testimony upon that one question, which the defendant considered so controlling as to warrant the court's granting a motion to direct a verdict in its favor.

Passing by the question of whether or not the court could properly determine that as a matter of law the plaintiff's failure to observe said statute was the proximate cause of his injuries, we are clearly of the opinion that plaintiff's motion to reopen his case, and introduce additional evidence upon the question of whether or not he did violate said statute, should have been granted, and that, in overruling that motion, the court abused its discretion and committed prejudicial error which requires us to reverse the judgment in this case.

Without a formal offer of what it was expected the testimony of the witness would be, it sufficiently appeared what counsel expected to develop by further examination of the plaintiff. If the plaintiff had been permitted to change his testimony, it would not have been the province of the trial judge to determine at which time the plaintiff told the truth; that would present a question for the determination of the jury.

Where, in a trial, the plaintiff has rested his case, it is within the sound discretion of the trial judge whether he will permit plaintiff to reopen the case

and introduce further evidence, but an examination of the cases discloses that under circumstances similar to those presented in this case the trial judge has practically always exercised his discretion in favor of a full development of all the facts. *Miller, Exrx.*, v. *McLean, Admr.*, 11 C. C. (N. S.), 424, 21 C. D., 80; *Hackman* v. *Cedar*, 13 C. C., 618. 5 C. D., 293; *Brandon* v. *L. S. & M. S. Ry. Co.*, 17 C. C., 705, 8 C. D., 642.

Where the evidence proffered by plaintiff will control the court's action on a motion to nonsuit, a sound discretion would seem to demand the reopening of the case and receipt of the evidence; indeed, one would expect but few, if any, cases to arise in which a court would be justified in closing a case until all the competent evidence offered in good faith and reasonably necessary to the ends of justice has been heard.

To deny the plaintiff the opportunity to offer evidence to prove a fact, and at the same time direct a verdict against the plaintiff for failure to prove such fact, is quite unusual, and such act, under the evidence and all of the circumstances of this case, constituted an abuse of discretion. *Hixson* v. *Rabe*, 18 C. C. (N. S.), 569, 33 C. D., 217.

For the reasons stated, the judgment is reversed, and cause remanded.

*Judgment reversed.*

Pardee, P. J., and Funk, J., concur.