480. EVIDENCE.
See 631. Industrial Commission. Copeland v. Grasselli Chemical Co., OA. 6 Abs. 166.
Dunlap v. Dennison Lumber Co., OA. 6 Abs. 163.

516. FEES AND COSTS.
See 997. Real Estate. Prudential Co.-Op. Realty Co. v. Youngstown, OS. 6 Abs. 175.

615. HUSBAND AND WIFE.
See 661. Intoxicating Liquor. Watson v. State ex, OA. 6 Abs. 167.

631. INDUSTRIAL COMMISSION.
Copeland v. Grasselli Chemical Co., OA. 6 Abs. 166.

639. INJUNCTION.
Miller v. Miller, et, OA. 6 Abs. 170.

661. INTOXICATING LIQUOR.
Watson v. State, OA. 6 Abs. 167.
Parker v. State, OA: 6 Abs. 169.

681. JURISDICTION.
Savage v. State, OA. 6' Abs. 171.

753. MEASURE OF DAMAGES.
See 297. Contracts. Ranson v. Brook, OA. 6 Abs. 174.

775. MISTAKE.
See 1012. Reformation of Instruments. Mulby v. Dunham, et, OA. 6 Abs. 171.

791. MOTIONS AND ORDERS.
See 396. Directed Verdicts. Cleveland, C. C. & St. L. Ry. Co. v. Geer, OA. 6 Abs. 164.

793a. MOTOR TRANSPORT.
Lake Shore Elect. Ry. Co. v. P. U. C., OS. 6 Abs. 175.

801. MUNICIPAL LAW.
See 997. Real Estate. Prudential Co.-Op. Realty Co. v. Youngstown, OS. 6 Abs. 175.

829. NEGLIGENCE.
Zanders v. Youngstown Muni. Ry. Co., OA. 6 Abs. 172.

903. PAYMENT—Under Protest.
Prudential Co.-Op. Realty Co. v. Youngstown, OS. 6 Abs. 175.

911. PRACTICE AND PROCEDURE.
See 396. Directed Verdicts. Cleveland, G. C. & St. L. Ry. Co. v. Geer, OA. 6 Abs. 164.

997. REAL ESTATE.
Prudential Co.-Op. Realty Co. v. Youngstown, OS. 6 Abs. 175.
See 297. Contracts. Ranson v. Brook, OA. 6 Abs. 174.

997a. REAL ESTATE AGENTS.
Button v. Olson, et, OA. 6 Abs. 162.

1012. REFORMATION OF INSTRUMENTS.
Mulby v. Dunham et, OA. 6 Abs. 171.

1100. SPECIFIC PERFORMANCE.
See 997a. Real Estate. Button v. Olson, et, OA. 6 Abs. 162.

1197. TRUSTS AND TRUSTEES.
See 1271. Wills and Legacies. Huntington Nat. Bk. v. Remington et, OA. 6 Abs. 169.

1271. WILLS AND LEGACIES.
Zizelman v. Mayer, OA. 6 Abs. 166.
Evans v. Molyneux et, OA. 6 Abs. 165.
Huntington Nat. Bk. v. Remington et, OA. 6 Abs. 169.

## EPITOMIZED OPINIONS
### Published only in the Abstract

BUTTON v. OLSON et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1344. Decided Jan. 31, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

997a. REAL ESTATE AGENTS—1100. Specific Performance.
Where real estate agent, acting for both parties, negotiates contract for exchange of real estate, false representation to one party that he had buyer for real estate which such party would receive in trade, held sufficient grounds for recission of contract.

Appeal from Common Pleas.
Petition dismissed.

W. J. Laub, Akron, for Button.
D. W. Alexander, Akron, for Olson, et.

### FULL TEXT
BY THE COURT.

This is a suit in equity to compel the specific performance of a land contract for an exchange of improved real property, which contract was entered into by the defendants and which they refuse to carry out.

The defendants admit the signing and delivery of the contract, but claim it was obtained through the misrepresentations of a real estate agent who, the plaintiff claims, acted for both of the parties to the contract.

Assuming that the agent was acting for both of the parties, although from the record we are inclined to the opinion that he was really acting for the vendors, from whom he was to receive his compensation, he was required to act in the utmost good faith towards them both, and would not be permitted to make false material representations to one of the parties to induce that party to enter into the contract.

"When a professional land agent acts as agent for both the seller and the buyer, and that is known to them, the law exacts the most perfect good faith, honesty, and fairness on his part, and will not adjudge the specific performance of a contract thus made, unless it has been entered into with perfect fairness, and without misapprehension or misrepresentations."

Morgan v. Hardy, 16 Neb. 427, 20 N.W. 337, at p. 342.

We have carefully read the transcript of the evidence, and from such examination we are of the opinion that the agent who negotiated said contract, did represent to the defendants that he did have a purchaser for the property which the defendants were to receive in the trade, and that the defendants relied upon said

representations and agreed to make the trade upon the terms set forth in said written contract as a consequence of said representations, whereas in truth and in fact said agent did not have such a purchaser at the time he represented to said defendants that he had one. These representations being false and material and relating to an existing fact, justified the defendants in their refusal to carry out the terms of said contract.

Defendants claim also that the plaintiff, as a matter of law, would not be entitled to specific performance in this case, as she has disabled herself from carrying out her part of the contract, for the reason that she has made a conveyance, to another, of her property since the institution of this suit.

The evidence offered in this court shows that she has deeded her property to another, and there is no evidence that the property is still hers and that the one in whose name the property stands holds it for her or is willing to carry out said contract. This, then, disables the plaintiff from carrying out her contract, and would, of course, prevent her from having specific performance; but before we would decide against the plaintiff upon this point, we would, in view of, the statements of her attorney made in open court, give her the opportunity to offer additional evidence.

For the reason first hereinbefore given, the prayer of the petition will be denied and the case dismissed, at the costs of the plaintiff.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)