237 S.W.2d 225 (1951)
BOMMER
v.
STEDELIN et al.
No. 28087.
St. Louis Court of Appeals, Missouri.
February 20, 1951.
*226 Fred B. Whalen, Warren Grauel, St. Louis, for appellant.
Jerome F. Duggan, Dubinsky & Duggan, all of St. Louis, for respondents.
HOUSER, Commissioner.
This is a bailment case involving a claim for damages to an automobile delivered to a public parking lot for storage and parking.
This appeal involves the propriety of the action of the trial court in directing a verdict for defendants at the close of plaintiff's evidence and in refusing plaintiff's request to reopen the case to present additional evidence.
Plaintiff's petition alleged that the defendants operated a parking lot for storing and parking vehicles for a consideration; that plaintiff owned a certain motor vehicle; "that on or about the 26th day of April, 1947, plaintiff's wife, Mrs. Fred Bommer, delivered and transferred possession of plaintiff's said motor vehicle to an agent, servant, and employee of said defendants for a stated consideration for the purpose of having defendants park and store plaintiff's said motor vehicle at said parking lot known as City Auto Parks, southeast corner of Delmar Boulevard and 8th Street and having an address of 719 Lucas Avenue in the City of St. Louis, State of Missouri. That the possession of plaintiff's said motor vehicle was taken by the agent, servant and employee of said defendants for that purpose; that at the time of delivery and transfer of possession of said motor vehicle to defendants, said motor vehicle was in good condition; that defendants by and through its employees, servant and agent delivered and returned possession of the plaintiff's said motor vehicle in a damaged and wrecked condition by negligently and carelessly driving and operating plaintiff's said motor vehicle so as to collide with parked motor vehicles on said lot"; "that as a direct and proximate result of the negligence and carelessness of said defendants, its agents, servants and employees in returning possession of plaintiff's said motor vehicle as aforesaid" plaintiff was damaged to the extent of $500.
The testimony showed that plaintiff's wife, intending to shop in downtown St. Louis, took plaintiff's automobile to the parking lot at 8th and Delmar, turned the car over to an attendant, received "a little stub", paid "a quarter" and the attendant drove the car "away"; that the parking lot was "two or three stories high and it has no sides". Plaintiff testified that it was "a three story steel affair". Upon returning for the car later in the day plaintiff's wife went to the office on the premises, gave the stub "to the boy, and he went and rang it out on a time card and went and got it for me"; that he went upstairs; that "he got on some kind of a little elevator *227 and went on some kind of a lift." She was standing about 30 or 40 feet from the ramp down which the automobile was driven. She heard and saw the car coming down the ramp. She testified "It sounded like wheels squeaking, and the brakes squeaking and whistling."
"Q. What happened to your car? A. It come on down and hit into a parked car and part of the building, one of those big girders.
"Q. A steel girder? A. Yes, sir.
"Q. Did it stop against the girder or this other automobile? A. Oh, yes."
She testified that "some young fellow" was driving the car down the ramp. She could not say whether or not he was the one to whom she had given the ticket or with whom she had left the car.
The "whole front end" of the automobile was damaged. It looked like the engine was pushed back under the seat. Plaintiff was called to the scene and when he arrived his car was "laying against a big, new car and the balance of it was against the steel girder."
Plaintiff's wife testified that a gentleman who identified himself as Mr. Stedelin came to the parking lot after the occurrence; that he was "in charge there"; that after her husband arrived Stedelin said he did not own the parking lot; that it was owned by the Glueck Realty Company. "Q. Did he indicate to you or to your husband what capacity he held, if any? A. Well, I don't know whether he was in charge or vice-president or president of it."
Plaintiff testified that he had a conversation with Jerome Stedelin; that plaintiff wanted to know "who was in charge"; that Stedelin said "he was the manager of the parking lot under the Glueck Realty Company at 1103 North Third Street, were the owners of the lot"; that Stedelin did not disclose to plaintiff his capacity with the company.
Plaintiff's proof of damages is not challenged.
When defendants' counsel requested a directed verdict at the close of the plaintiff's evidence, the trial judge indicated he would direct a verdict, whereupon plaintiff's counsel requested leave to reopen the case "in order to bring in additional witnesses to testify with respect to ownership and operation of the parking lot * * * by bringing in the officers of the Glueck Realty Company" stating he could "within an hour" produce evidence to "further show to the court the ownership of this parking lot by the defendants." Leave to reopen was denied.
Although defendants' motion for a directed verdict was based on failure to connect defendants with the ownership and management of the parking lot, on this appeal they as respondents have not briefed this point but rather have sought to sustain the action of the trial court on the failure of plaintiff to prove specific negligence and failure to prove that the driver of the car was the agent of defendants. We will consider these questions before disposing of the claim of abuse of discretion.
In a mutual benefit bailment such as these facts disclose, a submissible case may be made by alleging and proving first, the bailment; second, that the automobile was in the exclusive possession of the defendant; and third, that the automobile was returned in a damaged condition. Such proof raises a presumption, indeed, makes a prima facie case of negligence under the res ipsa loquitur doctrine, shifting to the bailee the burden of going forward with the evidence to rebut the inference of negligence. Oliver Cadillac Co. v. Rosenberg, Mo.App., 179 S.W.2d 476.
Plaintiff not only alleged the constitutive facts of a bailment case but further charged redelivery of the motor vehicle "in a damaged and wrecked condition by negligently and carelessly driving and operating plaintiff's said motor vehicle so as to collide with parked motor vehicles on said lot." While conceding that the doctrine of res ipsa loquitur is applicable in the ordinary bailment case, respondents contend that it is inapplicable here; that plaintiff has pleaded specific acts of negligence, and has the burden of proving specific negligence by *228 substantial evidence in order to take his case to the jury.
It is well settled that where specific negligence is alleged in a res ipsa loquitur situation the plaintiff cannot rely upon the doctrine to take his case to the jury, Venditti v. St. Louis Public Service Co., Mo.Sup., 226 S.W.2d 599, but in such case plaintiff will be held to prove the specific negligence pleaded. Benner v. Terminal R. R. Ass'n of St. Louis, 348 Mo. 928, 156 S. W.2d 657.
Previous decisions have declared the following to be general, not specific, allegations of negligence, entitling the pleader to the benefit of the res ipsa loquitur doctrine: that defendants "negligently allowed the car to become injured by reason of the fact that the elevator fell, throwing the car against the side of the elevator and injuring it", Austin v. Simon, Mo.App., 204 S. W. 193 (a bailment case); that defendant "negligently caused and permitted said auto to leave said slab then and there free from travel and unobstructed and collide with a bank * * * and to turn over", Tabler v. Perry, 337 Mo. 154, 85 S.W.2d 471, 473 (a guest case); that "defendant's servants in charge of said car negligently caused and suffered said car to be struck and collided with by an engine", Nagel v. United Rys. Co. of St. Louis, 169 Mo.App. 284, 152 S.W. 621, 624 (a passenger case); that defendant "so negligently maintained and operated its said street car and street railway on which plaintiff was a passenger, as to cause, permit, and suffer said street car to collide with a large and heavy fire wagon * * * ", Porter v. St. Joseph Ry., Light, Heat & Power Co., 311 Mo. 66, 277 S.W. 913, 914; that "the agents, servants, and employes of defendant in charge of said car, carelessly, negligently, and unskillfully ran said car upon which plaintiff was a passenger as aforesaid into a large steam roller which was on the track of defendant * * * that said car * * * was negligently caused by the agents, servants, and employes of defendant to collide with said steam roller with great force and violence, * * *", Stauffer v. Metropolitan St. R. Co., 243 Mo. 305, 147 S.W. 1032, 1033; that "the defendant carelessly and negligently caused and permitted the train on which plaintiff was riding as a passenger to come in violent collision with another train of defendant's * * *", Price v. Metropolitan St. R. Co., 220 Mo. 435, 119 S.W. 932, 933.
The petition in the case at bar does not (1) point out the particular act or omission said to be negligent; (2) name or otherwise designate the servant of defendants who was guilty of the alleged negligence; (3) attempt to specify the improper use of or failure to use the guiding, accelerating or braking mechanisms of the automobile; (4) specify any defect in the construction of the ramp or impropriety in the location of the girder or parked car with which plaintiff's car collided; nor was the allegation sufficiently certain to withstand a motion to make more definite and certain if specific negligence had been required to be charged, within the criteria by which allegations of negligence are determined to be general or specific as laid down in Benner v. Terminal R. R. Ass'n of St. Louis, supra, and Price v. Metropolitan St. R. Co., supra.
We, therefore, conclude that the allegations of negligence are general and not specific and that the doctrine of res ipsa loquitur applies. In so holding we are not overlooking cases such as State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W. 2d 68, cited by respondents. The difference between that line of cases and the type of case we have at bar is well delineated in Boulos v. Kansas City Public Service Co., 359 Mo. 763, 223 S.W.2d 446.
Respondents cite the recent case of Bock v. Eilen, Mo.App., 211 S.W.2d 92, 94, a bailment case, in which plaintiff alleged that defendants "carelessly and negligently lost said boat and failed to return said boat to plaintiff". The court reversed a recovery by plaintiff on the ground that having alleged negligence he was required to prove it, and that he had failed to establish any negligence. It is apparent from the opinion in that case that the plaintiff was not relying *229 on the res ipsa loquitur doctrine, and that the case was tried on the theory of specific negligence.
This is a typical case for the application of the doctrine. The automobile was in the exclusive possession of the bailee which had a right to control, as well as the actual control over, its movement. It is not usual for an automobile to be damaged in the process of delivering the same to an owner after a bailment such as is disclosed here. It is fair to assume that it occurred as the result of a lack of care on the part of those in charge of the automobile. The bailee is in a better position to determine the cause of the crash than the plaintiff, has superior means of knowledge of the reason therefor, and to require plaintiff to plead and prove specific negligence would be to require him to assume an impossible burden beyond his knowledge. The court concludes that plaintiff made a submissible case on the matter of bailment and negligence.
Respondents argue that plaintiff failed to offer any evidence "that his automobile was driven down the ramp by an employee, agent and servant of defendants."
Agency may be inferred from circumstances and need not be established by direct evidence. State ex rel. Smith v. Bland, 353 Mo. 1073, 186 S.W.2d 443. Testimony that a person delivers an automobile to a public storage facility, pays a fee, and receives an identifying stub or receipt therefor and upon returning for the automobile is met on the premises by one who comes from the office of the concern and to whom the stub is surrendered, who accepts and rings it out on the time card, then immediately takes an elevator to an upper level where the car is stored and that the car is driven from the upper floor to the ground floor where the customer is waiting, constitutes circumstantial evidence sufficient to take the case to the jury on the question whether the driver of the car is the agent, servant and employee of the management of the storage concern.
There is evidence that the manager Stedelin was not on the premises at the time the car was damaged. With this additional fact there is sufficient evidence in the record to take the case to the jury on the agency phase of the case under the doctrine of Miltenberger v. Hulett, 188 Mo.App. 273, 175 S.W. 111, even though the driver were in interloper or impostor. In this connection see Luken v. Buckeye Parking Corporation, 77 Ohio App. 451, 68 N.E.2d 217.
Defendants moved for a directed verdict "for the reason that plaintiff wholly failed to identify the ownership and management of the parking lot mentioned in evidence, with either or both the said defendants." Since that motion was sustained the court must have based its action on failure of proof in this connection. Since as we shall see the case must be retried we will not weight the sufficiency of the proof in this regard, but will consider now the question whether the trial court abused its discretion.
Although a trial judge is vested with a wide latitude and broad discretion in the allowance or denial of leave to reopen a case for additional testimony, that discretion must be a sound judicial discretion. It cannot be exercised in an arbitrary manner. The record shows that the request was made at 6 minutes before 1:00 o'clock P. M.; that the jury was recessed until 2:00 o'clock; that counsel assured the court that he could produce the required evidence "within an hour". There was no showing of surprise to defendants or of inconvenience to the court, parties, counsel, or jury or that the adverse party would have been deceived or prejudiced in any manner by granting the leave. The ruling on the motion for a directed verdict had not yet been made. The court denied plaintiff the opportunity to offer evidence to prove that defendants owned and operated the parking facility, while at the same time directing a verdict against plaintiff for failure to prove such fact. This constituted an abuse of discretion. Tierney v. Spiva, 76 Mo. 279; Parker-Washington Co. v. Dennison, 249 Mo. 449, 155 S.W. 797; Siegal v. Portage Yellow Cab Co., 23 Ohio App. 438, 155 N.E. 145.
For the reasons stated the Commissioner recommends that the judgment of the circuit *230 court be reversed and the cause remanded.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, reversed and the cause remanded.
ANDERSON, P. J., and McCULLEN and BENNICK, JJ., concur.