SLUSSER, APPELLEE, *v.* BRILLHART, APPELLANT.

(No. 4784—Decided March 5, 1958.)

*Messrs. Bailey & Bailey,* for appellee.
*Mr. Scott A. Belden,* for appellant.

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment awarded to Merle H. Slusser, the appellee herein, on his claim for a real estate broker's commission against Lucille C. Brillhart, the appellant in this case.

Mrs. Brillhart signed a "sales agreement" with the real estate agency operated by Mr. Slusser.   Thereafter, an agreement to purchase the property owned by Mrs. Brillhart was prepared by a sales agent of Slusser and executed by a Mr. and Mrs. Roberts.   This agreement to purchase, dated July 26, 1956, recited that Mr. and Mrs. Roberts had paid, to the broker, $1,500 in cash, which sum was designated in the purchase agreement as "cash herewith."   The fact was that the broker had $200 in cash and a note due two weeks after July 19, 1956, in the amount of $1,300, signed by Mr. Roberts.   This note was paid to Mr. Slusser by Mr. Roberts on or about September 28, 1956.

On August 17, 1956, Mrs. Brillhart wrote to Mr. and Mrs. Roberts that she did not desire to sell her property.   Mr. and Mrs. Roberts thereafter purchased another home.

Mr. Slusser then filed this action against Mrs. Brillhart to collect a real estate broker's commission.   Mrs. Brillhart denied that she owed a commission, on the ground that her signature was secured to the sale and purchase agreement by reason of false representations with respect to the receipt by the broker from the prospective purchaser of a $1,500 cash deposit.

The testimony of Mrs. Brillhart, on cross-examination at the beginning of the trial, would lead one to conclude that she knew that only $200 had been paid in cash, and that a note for the balance of the so-called "cash herewith" item had been given by Mr. Roberts.   On direct examination, when the defense presented their evidence, Mrs. Brillhart said she knew nothing of a $1,300 note being given as a part of the "cash herewith" portion of the contract, although, after she signed the agreement, something was mentioned about $200.

At the conclusion of all of the evidence, the counsel for Mrs. Brillhart renewed a motion for a directed verdict which he had made at the conclusion of the case in chief, and counsel for Mr.

Slusser also made a motion for a directed verdict. The trial court then concluded that a jury had been waived, although neither counsel did waive a submission of the matter to a jury, except in so far as their motions for directed verdict may have done so as a matter of law.

The trial court directed a verdict for Mr. Slusser, and, from the judgment entered thereon, this appeal is lodged in this court.

The principal question before us concerns the propriety of the judgment for Mr. Slusser, and the procedure to be adopted by a trial court when both parties move that a verdict be directed in their behalf.

Where, as a matter of law, one party is entitled to a judgment, the court is required, even though there are motions by both parties, to direct a verdict for such party and thereafter enter a judgment accordingly. When there is a conflict in the evidence, or where reasonable minds could come to different conclusions, and there has been no express waiver of the jury by both parties, the motions must be overruled and the matter submitted to the jury.

The recent case of *Carter-Jones Lumber Co.* v. *Eblen,* 167 Ohio St., 189, 147 N. E. (2d), 486, determined the procedure in cases such as we have herein, when it said:

"1. Where, at the conclusion of the evidence in a case, each party moves the court to direct the jury to render a verdict in his favor, the parties do not thereby clothe the court with the functions of a jury, but they merely request, by consecutive motions, rulings on separate questions of law, and the sole duty of the trial court at that time is to render its decisions on the motions, unless there is an express waiver of the jury by both parties, as provided in Section 2315.20, Revised Code.   * * *

"2. Where the trial court, upon a consideration of consecutive motions for directed verdict, finds as a matter of law that reasonable minds could come to but one conclusion on the evidence, and that conclusion is in favor of one of the parties, it is the duty of that court to sustain the motion of such party and to overrule the motion of the other party, and the reviewable question is whether it erred as a matter of law in such rulings.
* * *

"3. Where the trial court, upon a consideration of consecu-

tive motions for directed verdict, finds that it can as a matter of law sustain neither motion, then it is its duty to overrule both, and the question or questions of fact which it necessarily finds existent remain for determination by the jury, without the necessity of a request by counsel for submission thereto.''

Mrs. Brillhart, by her conflicting testimony, raised the question as to which version should be believed. That became, under the law in this state, a jury question.

''Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury.'' *Painesville Utopia Theatre Co.* v. *Lautermilch*, 118 Ohio St., 167, 160 N. E., 683 (syllabus).

In *Ulrich* v. *McDonough,* 89 Ohio App., 178, 101 N. E. (2d), 163, the court said:

''5. It is the function of the jury, and not that of the court, to determine which of several inconsistent answers of a witness are more probably true.''

This court, in the case of *Siegal* v. *Portage Yellow Cab Co.,* 23 Ohio App., 438, at p. 440, 155 N. E., 145, said:

''* * * If the plaintiff had been permitted to change his testimony, it would not have been the province of the trial judge to determine at which time the plaintiff told the truth; that would present a question for the determination of the jury.''

We next direct our attention to the matter of the statement in the sales and purchase agreement as signed by Mr. and Mrs. Roberts and Mrs. Brillhart, and the claim of false representation with respect to the item designated ''cash herewith.''

If we assume that a jury would believe the testimony of Mrs. Brillhart, given in her direct examination, would that be a defense in an action to collect a real estate broker's commission?

This court, in the case of *Button* v. *Olson,* 6 Ohio Law Abs., 162, said that a broker is required to act in the utmost good faith toward his principals, and ''would not be permitted to

make false material representations to one of the parties to induce that party to enter into the contract."

In the case of *Mecklenborg* v. *Niehaus*, 85 Ohio App., 271, 84 N. E. (2d), 763, the court said (in paragraph one of the syllabus): "An agent owes a duty to his principal to inform him of all facts relating to the subject matter of the agency that would affect the principal's interests."

In Section 42 of "Brokers" in 8 Ohio Jurisprudence (2d), it is said that:

"Since a broker is a fiduciary who owes to his employer the duty of good faith and loyalty as to all matters within the scope of his employment, it follows that a broker's fraud, bad faith, concealment of facts, or other breach of trust toward his employer will prevent the broker from recovering compensation for his services. In other words, the faithful discharge of his duties is a condition precedent to any recovery upon the part of the broker for the services he has rendered his principal. * * *,,

See, also, 12 Corpus Juris Secundum, Brokers, Section 69 b.

It thus appears that nondisclosure to a principal, by a real estate broker, of a material fact, may be a defense to a claim by the broker for the compensation arising out of the broker's services in securing a sale of the real property.

For the reasons set out above, we determine that the trial court committed error prejudicial to the substantial rights of the appellant, Mrs. Brillhart, when the court granted the motion for a directed verdict in behalf of the appellee, Mr. Slusser.

The judgment entered for Mr. Slusser is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

DOYLE and STEVENS, JJ., concur.