————o————

CHARLES M. WILLIAMS, Defendant in Error, *vs.* JOHN S. MEL-
LON, Plaintiff in Error.

1. *Promissory note—Defense—Failure of consideration.*—An answer to a suit on a note which admits its execution, but alleges that it was "without any consideration whatever," sets up a good defense.

*Error to St. Louis Circuit Court.*

*John E. Jones,* for Plaintiff in Error.

*W. F. Causey,* for Defendant in Error.

The general plea of want of consideration was insufficient. (Lybert vs. Jones, 19 Mo., 86; Northrup vs. Miss. Val. Ins.

Co., 47 Mo., 435; Glenny vs. Hitchens, 4 How. Pr., 347; McMurray & T. vs. Gifford, 5 How. Pr., 14; Russell vs. Clapp, 7 Barb., 482; Burrall vs. Bowen, 21 How. Pr., 378; Ryle vs. Harrington, 14 How. Pr., 59; Gushee vs. Leavitt, 5 Cal., 160; Jolliffe vs. Collins, 21 Mo. 338; Van S. Pl., [N Y.,] 1 Vol. 2 Ed., p. 401; Doan vs. Moss, 20 Mo., 297.)

Want of consideration is a defense like set-off, non-assumpsit, accord and satisfaction, limitations, &c., and any facts constituting said defenses should be pleaded, or evidence under our present system will be excluded, that is offered to prove the same.

NAPTON, Judge, delivered the opinion of the court.

This suit was on a promissory note, the petition being in the ordinary form and containing the usual allegations. The answer admits the execution of the note sued on, but avers and so charges the fact to be "that the said note was so made without any consideration whatever." On the trial, the defendant offered, in support of his plea, evidence to show that there was no consideration for the note; but this evidence was rejected, and the sufficiency of this answer presents the only point for consideration. The objection to the plea is, that it does not state facts which would avoid the implication arising from the execution of the note. But where it is averred that there was no consideration whatever for the note, it is not easy to see how a more specific allegation of the facts could be made. If the note was a mere voluntary obligation, without any consideration whatever, that is an end of the case and the pleader could not more specifically, or in plainer words state the fact, and under this plea he must of course establish this allegation.

We do not understand that the new code of pleading has established any other rule in this respect, than the one recognized under the old system. In Northrup vs. Mississippi Valley Ins. Co., (47 Mo., 444,) it is said that "the defendant, if he intends to rely on new matter which goes to defeat or avoid the plaintiff's action, must set forth in clear and precise

terms, each substantive fact intended to be so relied on." So in this case, if the defendant relied on a failure total or partial of consideration, or that the consideration was illegal, in conflict with public policy or against some special statute, the facts must have been stated, from which the court could determine whether their establishment would constitute a defense or not. But where there is an allegation of no consideration whatever, there is nothing further to be said,—for no amount of circumlocution or multiplication of negative averments could make the defense more specific.

In the case of Kernodle vs. Hunt, (4 Blackf., 57,) the first plea was, that the notes sued on were voluntary and without any good or valuable consideration whatever, to which there was a demurrer, and the court say: "The first plea is good, and consequently, the demurrer was correctly overruled. That question is settled in the case of Huston vs. Williams, decided by this court at their May term, 1833. In that case it is said, that a plea in averring that a bond is voluntary and without either a good or valuable consideration, is sufficient without any averments more special, because there are no facts more special in such a case to aver. If there was no consideration there is nothing to make averments about. Such a plea however, will not be available on trial, if there was any consideration whatever, no matter how fraudulent, or trifling, that consideration may have been."

In Coyle's Exec. vs. Foster, (3 J. J. Marsh., 473,) the plea was, that the note was not executed on a consideration good and valid in law, and the court held this plea insufficient, observing "that a plea that the note was given without any consideration would have been good, but the legal effect of the plea pleaded was, not that there was no consideration or that the note was voluntary, but it is according to any rational construction that there was a consideration in fact, but that this consideration was invalid by operation of law."

These cases were decided under the old system of pleading, but the new system has not changed the meaning and effect of the English language; and if the meaning of a plea

that there was no consideration at all, remains now as it was under these decisions, no more specific allegation of a total want of consideration in fact can be averred now than heretofore.

Judgment is reversed and the cause remanded. The other judges concur.