STALEY v. IVORY ET AL., APPELLANTS.

1. **Pleading**: DEFECTIVE TITLE: FRAUD: RESCISSION. In an action on a promissory note given for the price of land, an answer averring failure of consideration in consequence of a defect in the title and fraudulent representations, is insufficient, if it fails to state in what the defect consists, whether a deed has been delivered and the nature thereof, whether the means of information were not equally open to both parties, and whether plaintiff agreed to deliver possession, and makes no offer to rescind the contract.

2. **Married Woman**: SEPARATE ESTATE: JUDGMENT: PRACTICE. In an action against a married woman and her trustee, to enforce a demand against her separate estate, no relief being asked against her husband, the decree should go against the wife and the trustee only, though the husband is made a co-defendant in obedience to the statute.

*Appeal from St. Louis Circuit Court.*—HON. JAMES K. KNIGHT,
Judge.

*Donovan & Conroy,* for appellants.

*Kehr, Tittman & Tittman,* for respondents.

As the pleader has not averred that the land was conveyed to Mrs. Ivory with covenant of warranty, the presumption must be, that it was conveyed without such covenant. Therefore, the existence of incumbrances, or a defect in title, constitutes no failure of consideration. If the court should assume that the land was conveyed with covenant of warranty, the answer still is bad—because no eviction is shown, or breach of the covenant alleged, and hence there is no failure of consideration. *Hay v. Taliaferro*, 8 Sm. & M. 727; *Dennis v. Heath*, 11 Sm. & M. 206; *Rawle on Covenants*, 645, American Note 1. To plead a defect of title, without an offer to reconvey the property, is insufficient. Plaintiff must either have the property back, or his purchase money.

As the property was settled to the sole and separate use of Mrs. Ivory, to the exclusion of the marital rights of her husband, he had no interest in the controversy to be either recognized or ignored. Neither did plaintiff ask any relief against him. He was simply made co-defendant only because of his relation as husband.

SHERWOOD, C. J.—The plaintiff sues to subject the separate estate of the wife, B. M. Ivory, to the payment of certain promissory notes which she had given for a piece of land. The husband, and also the trustee, in whom was vested the legal title of the real estate sought to be charged, were made parties defendant. It is difficult to characterize in fitting terms the answer filed on behalf of the wife. Failure of consideration, in consequence of a defect in the title of the land purchased, fraudulent representations in regard thereto, and the damages arising therefrom, are all blended together. But the answer does not state in *what* the alleged defect in the title consisted, nor whether a deed had been delivered, or the nature thereof, nor whether the means of information were not equally open to both parties, nor is there any offer to rescind the contract. And as

1. PLEADING: defective title: fraud: rescission.

to the possession of the premises, nothing is shown in the answer that plaintiff agreed to deliver possession. The answer was held insufficient on demurrer, and no further pleading being filed, judgment went as prayed in the petition. We discover no error in the action of the lower court; it is the duty of the pleader to so state his defense as that the same may be readily understood, both by the court and the adversary. This, as above seen, was not done in this case, though opportunity was afforded, by proper amendment, to have made that clear and definite, which before was vague and unintelligible. We will not, therefore, narrowly scan the answer, held insufficient, to see if some faint semblance of a defense may not by an unexpected possibility be discovered to exist therein. *Lincoln v. Rowe*, 64 Mo. 138.

II. As to the husband, he was only made a party defendant because the statute required it. No relief was

2. MARRIED WOMAN: asked as to him, and the court acted cor-
separate estate:
judgment: practice. rectly in entering a decree against the wife and trustee alone, which merely subjected the land of the wife to the payment of the notes.

Judgment affirmed. All concur.

AFFIRMED.