ROYAL BREWING COMPANY, Respondent, v. UNCLE SAM OIL COMPANY OF KANSAS, Appellant.

Kansas City Court of Appeals, December 13, 1920.

1. MUTUALITY OF CONTRACT: All Required, or All That is Necessary: Validity. A contract of an oil company to furnish a brewery company "all their requirements of fuel oil" for one year, for a certain price, and the brewery company to purchase of the oil company "all of said oils which may be necessary for its use" and to pay the agreed price, is a valid contract and is not void for want of mutuality.

2. MUTUALITY: All of a Commodity: Agreement to Furnish and to Buy. If one party to a contract to furnish a commodity to the other party is not bound, there is no mutuality and neither is. But a contract to furnish all of commodity that another needs in a certain project and a corresponding agreement to buy all of such commodity required for the project is mutual and valid.

3. REFEREE: Evidence Report: Bill of Exceptions: Appeal: Record Proper. Where a controversy is referred to a referee and he hears evidence therein, makes report and finding against one of the parties which is objected to, the objections overruled by the trial court and he appeals without incorporating the evidence in the bill of exceptions, no matter of exception can be heard and only the record proper is before the Appellate Court.

4. REFEREE: Report: Objections: Motion for New Trial: Record Proper. When a controversy before a referee is had and he makes his report to the trial court, to which a party files his objections which are overruled, if the objector's motion for new trial fails to allege that the court erred in overruling the objections, nothing can be heard against the report on appeal and the judgment must stand unless there be error in the record proper.

Appeal from the Circuit Court of Jackson County.—
*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Ringolsky & Friedman* for respondent.

*Redmond S. Brennan* and *Thurman L. McCormick*
for appellant.

ELLISON, P. J.—Plaintiff, as its name indicates,
was a brewery and operated a plant at Weston, Mis-
souri, and charges defendant, an Oil Company, with
violating a written contract between them, whereby de-
fendant agreed, for a certain stipulated price per barrel,
to furnish plaintiff with all fuel oil necessary to operate
the plant. This action was brought to recover damages
and plaintiff recovered judgment in the trial court.

The chief point defendant makes against the judg-
ment is that the petition fails to state a cause of action.
The specification is that the contract pleaded in the
petition is not a mutual obligation, is unilateral and
void. "Plaintiff's petition alleged the damage to have
occurred between February 16, 1916, and July 13, 1916,
by having to purchase from others, than the defendant,
thirty-six tank cars of fuel oil, which plaintiff claims
cost one thousand eight hundred twenty-eight dollars
and sixty-nine cents ($1828.69) in excess of the price
for which the defendant contracted to furnish the same
material.

The contract upon which the petition is based was
executed on May 15, 1915. It provides for the defend-
ant too furnish to plaintiff; "their requirements of fuel
oil as follows: 42 gallons to the barrel. Petroleum tail-
ings, 2 or 3 tank cars each week, to be shipped to West-
on, Missouri, price per barrel 40 cents; terms 10 days
net.; for the period of one year, ending the 13th day
of July, 1916, at the price mentioned f. o. b. Cherryvale,
Kansas."

The contract further provided that: "The said party of the second part hereby agrees to purchase and order from the party of the first part, at Kansas City, Kansas, all of said oil which may be necessary for use or sale by party of the second part during said term and to pay party of the first part for each shipment promptly within ten days from the date of invoices covering such shipment."

It will be seen that on reasonable notice, defendant agrees to sell to plaintiff its "requirements of fuel oil" for one year; and that plaintiff agrees to purchase and order from defendant all of such oil that may be necessary for its use and sale during the term, and to pay for each shipment within ten days from date of invoice. In other words, one agrees to furnish and the other to buy, all the oil necessary for its use, or which it may sell during the year. The matter involved relates to fuel for operation of the brewery plant.

The question is, is the contract void for lack of mutuality—is it unilateral? The rule in respect to mutuality is that the contract must obligate *each* party to do somethng in consideration of what the other does, or is to do. It is frequently difficult in a given contract to say whether this rule is complied with. If the contract purports to bind one party to do something and leaves the other free to do, or not to do, as he may please, the latter is not bound and the contract is void. In this case it is clear enough that the contract purports to bind defendant to furnish the fuel oil at a certain named price and we have to determine whether plaintiff is bound to take the oil at that price. It seems equally clear that it is so bound, for the contract reads that plaintiff agrees to take "*all* of said oils which may *be necessary*" for its use in the brewery.

But defendant insists that the terms are too indefinite to form an obligation on plaintiff's part. That the agreement to buy all the oil which may be "*necessary*" leaves plaintiff free to say what quantity is necessary—whether much, or little, or none at all. But this claim is not borne out by reason or the law. Plaintiff's

brewing business was an established one and its fuel necessities could be estimated, approximately, by competent persons with a knowledge of such requirements in like institutions. A statement of what is, and what is not, a valid contract under the mutuality rule is found in Cold Blast Trans. Co. v. Bolt and Nut Co., 114 Fed. 77, 81. It reads that "A contract for the future delivery of personal property is void, for want of consideration and mutuality, if the quantify to be delivered is conditioned by the will, wish, or want of one of the parties; but it may be sustained if the quantity is ascertainable otherwise with reasonable certainty. An accepted offer to furnish or deliver such articles of personal property as shall be needed, required, or consumed by the established business of the acceptor during a limited time is binding, and may be enforced, because it contains the implied agreement of the acceptor to purchase all the articles that shall be required in conducting his business during this time from the party who makes the offer. (Authorities). But an accepted offer to sell or deliver articles at specified prices during a limited time in such amounts or quantities as the acceptor may want or desire in his business, or without any statement of the amount or quantity, is without consideration and void, because the acceptor is not bound to want, desire, or take any of the articles mentioned."

To the same effect is Crane v. Crane Co., 105 Fed. 869, 871, where the court said: "It is within legal competency for one to bind himself to furnish another with such supplies as may be needed during some certain period for some certain business or manufacture; or with such commodities as the purchaser has already bound himself to furnish another. Reasonable provision in business requires that such contracts, though more or less indefinite, should be upheld. Thus a foundry may purchase all the coal needed for the season; or a furnace company its requirements in the way of iron; or a hotel its necessary supply of ice. (Authorities). So, too, a dealer in coal in any given locality may contract for such coal as he may need to fulfil his existing

contracts, regardless of whether delivery by him to his customers is to be immediate or in the future. (Authorities). In all these cases, contracts looking towards the future, and embodying subject-matter necessarily indefinite in quantity, have been upheld; but it will be observed that, although the quantity under contract is not measured by any certain standard, it is capable of an approximately accurate forecast.'' To the same effect is Golden Cycle Mining Co. v. Rapson Coal Co., 188 Fed. 179, 183; Jenkins & Co. v. Anahiem, 237 Fed. 278, 282; Laclede Const. Co. v. Tudor Iron Works, 169 Mo. 137, 149-151; Laclede Const. Co. v. Moss Tie Co., 185 Mo. 25, 69, 70; Tull v. Fletcher, 196 Mo. App. 573, 580. In the latter case it was said that under a contract to furnish all materials required for the improvement of certain property the contractor was bound to deliver all that was ordered.

We think that, having in view reasonable business necessities, a contract for all of certain articles, at a certain price, that may be needed or required in a certain business, is a mutual obligation; one to furnish and the other to buy, the quantity being reasonably approximated. *Id certum est quod certum reddi potest.* But a contract for all of an article that one may desire or that he may want is bad. The distinction is this; The first is an absolute engagement to buy all that is needed for a certain purpose and nothing is left to the caprice or whim of the purchaser. He *must* buy of his contractee all that is required. Whereas the second is, that he only buys if he wishes to. Nothing is obligatory; if he don't want to buy he need not.

Defendant insists that the contract is invalid under the decision of our Supreme Court in Hudson v. Browning, 264 Mo. 58. That case is wholly unlike this one. Judge GRAVES, who wrote the opinion, cites and quotes from some of the cases we have cited above as sustaining our view. The contract in that case imposed no obligation on the plaintiff therein, whereas, as we have undertaken to demonstrate, the contract here involved binds both parties. It was asserted that the plaintiff

in that case agreed to furnish ties to the defendant, and claiming the latter had violated the contract brought suit for damages. The agreement was in this language: "Said first parties do not bind themselves to make or purchase and deliver the full two hundred thousand ties, but they do bind themselves to use every effort at their command to secure as many of the 200,000 ties *as their time, money and efforts will permit them.*" (Italics not ours). We had occasion to discuss that contract in Warren v. Coal Co., 200 Mo. App. 442, and to distinguish it from the latter case. On its controlling facts Hudson and Browning bears no resemblance to the case before us.

The trial court referred this case to John G. Park Esq. of the Kansas City bar as referee. He took evidence at length and made his finding in favor of the plaintiff in the sum of $1686.65. Many exceptions were taken by defendant but they were overruled and the report approved by the trial court and defendant appealed, bringing here the record proper and a bill of exceptions in which the evidence taken is entirely omitted. In such circumstances we cannot look to any complaint except that directed to the record proper. [Hubbard v. Slavens, 218 Mo. 598, 614; Tutts v. Latshaw, 172 Mo. 359, 372; Sheets v. Railroad, 152 Mo. App. 378, 385.]

Furthermore, defendants motion for new trial, while setting out many alleged errors of the trial court, fails to allege error in that court overruling the exceptions taken to the report of the deferee. This is fatal to a consideration of objections to the report and leaves us only the record proper. [State ex rel. v. Woods, 234 Mo. 16, 25, 26; Anderson v. Caldwell, 242 Mo. 201, 209.]

The result of the foregoing considerations is to affirm the judgment. All concur.