JOHN P. MILLS ORGANIZATION, APPELLANT, v. JOHN S. BELL ET AL., RESPONDENTS.—37 S. W. (2d) 680.

Kansas City Court of Appeals. Opinion filed April 6, 1931.

*R. M. Bagby* and *F. P. Stapleton* for respondents.

*Roy McKittrick* and *Tyre W. Burton* for appellant.

ARNOLD, J.—This is an action to recover on a bank check. The facts of record are that plaintiff is a corporation, organized under the laws of California, and engaged as selling agents of an addition to the City of San Diego, California, known as Azure Vista, located on Point Loma, San Diego, of which Pantages, Mills, Shreeve & Company are designated as sellers and the John P. Mills Organization, Inc., as selling agents.

Defendants, husband and wife, were residents of Fayette in Howard County, Missouri, and in March, 1928, were sojourning in Los Angeles, Calif. It appears plaintiffs promoted excursions to San Diego, with the purpose of exhibiting and selling lots in said Azure Vista. On March 1, 1928, defendants, accompanied one of these excursions at which one John P. Mills "made a talk" at the location, and defendants agreed to purchase Lot No. 17, Block M, Azure Vista, in the City of San Diego, for the price and sum of $7500. On said date, as down payment, defendants gave their check payable to John P. Mills Organization, Inc., for the sum of $1500, on the Commercial Trust Company of Fayette, Missouri. John P. Mills executed his receipt therefor in the nature of a proposal to sell. Defendant John B. Bell also signed the said receipt, or proposal, immediately beneath the last sentence therein, reading: "I agree to purchase said property on the above terms and conditions."

The terms and conditions named in the receipt were that the price for the lot was $7500, down payment $1500, the receipt of which was acknowledged and the remainder to be paid in semi-annual installments of $600, with interest. There were other provisions as to the improvements, grading, etc., not necessary to be here set out. The receipt was executed in duplicate, the original given to defendants and the duplicate retained by John P. Mills. At the same time, defendants signed a blank entitled "Agreement for the Sale of Real Estate." This paper was signed only by defendants and at that time was merely a blank form, the data as to this transaction not being in the body of the same. The check, duplicate receipt and said contract were turned over to John P. Mills on March 1, 1928, simultaneously. There is testimony to the effect the contract of sale was to be filled out on said day and mailed to plaintiff at Los Angeles for the signature of the sellers and be delivered to defendants the following day. The testimony is to the effect this agreement was verbal and made by John P. Mills. Plaintiff indorsed said check and deposited it in a Los Angeles bank for collection.

Defendants waited until the 5th day of March for delivery to them of the signed agreement of sale, then, becoming suspicious, wired the Commercial Trust Company at Fayette, Missouri, to stop payment of the check; and, at about the same time they sent plaintiff a letter calling off the deal, enclosing the receipt given them by John P. Mills, and asking return of their $1500 check. In due course,

on March 8, 1928, the check was presented to the Commercial Trust Company at Fayette, Missouri, for payment, and was refused. The check was thereupon returned to plaintiff bearing the endorsement "Payment stopped." On order of the court plaintiff produced the receipt which had been returned to them, the duplicate thereof, and the agreement for sale of real estate, the latter being unsigned by plaintiff or the sellers. These documents were introduced in evidence by defendants, the original receipt being marked defendants' "Exhibit A," the contract defendant's "Exhibit B." and the duplicate receipt, defendant's "Exhibit C." On the face of both the duplicate receipt and the agreement was stamped in red ink the word "Cancelled." There is no testimony of record showing positively who placed said stamp thereon. Defendants testified they had not had the said instruments in their possession nor had they seen them since they turned them over to John P. Mills on March 1, 1928.

Defendant John B. Bell testified that after the transaction with Mills on March 1, 1928, he received no further communication of any kind or character from said Mills, the John P. Mills Organization, Inc., or Pantages, Mills, Shreeve & Co. Witness further testified he had no business with anyone other than Mills; that neither Mills, the John P. Mills Organization Inc., or Pantages, Mills, Shreeve & Co., ever at any time tendered to defendants the contract marked "Exhibit B," or made any offer to defendants concerning the same. This suit was instituted against defendants in Howard County, Missouri, and is bottomed upon the check.

The petition alleges plaintiff is a corporation organized and existing under the laws of the State of California, having capacity to sue and be sued; that on March 1, 1928, for value received, defendants made and executed their check described in the above statement of facts and "that thereafter and before the plaintiff (by) the use of reasonable diligence could present said check for payment the defendant notified said trust company not to pay the same. That on the 8th day of March, 1928, said check was presented for payment at said bank and payment thereof was by said bank refused because of the said act of the defendants in countermanding the same. That a verified copy of said check is herewith filed and marked exhibit A. The plaintiff states that no part of the said check has been paid, and the whole amount is now due and unpaid."

Judgment is asked in the sum of $1500, and interest from March 8, 1928, the date of presentation, and for costs. The answer admits the execution of the check, as described in the petition, but defendants "deny that said check was given for value received." And for further answer defendants say "that while it is true they executed said check and delivered it to the plaintiff at the time in said petition alleged, yet defendants say that said check was given to plaintiff by

defendants wholly without consideration, and that the same is not, and never was, binding upon the defendants in the hands of the plaintiff.''

The regular judge was disqualified of his own motion and the cause was tried to a special judge and a jury. Verdict and judgment were for defendants. Motions for a new trial and in arrest were overruled and plaintiff has appealed.

The first point urged is that the answer does not allege facts sufficient to constitute a defense. And in this connection it is argued the defendants, by their answer, undertook to set up the defense that the check was without consideration; but that they did not allege facts which, if proved, would destroy the presumption that the check was given for a valuable consideration. It is the law that a check is a negotiable instrument and imports a valuable consideration. [Nelson v. Diffendorffer, 178 Mo. App. 48, 51, 163 S. W. 271.] Yet this presumption may be overcome by competent evidence. It is also the law that a pleader is not required to plead his evidence in support of his allegations.

Plaintiff argues want of consideration is an affirmative defense and it was necessary for defendants herein to allege facts which, if proved, would authorize the jury to find for defendants. [Staley v. Ivory, 65 Mo. 74; School District v. Sheidley, 138 Mo. 672, 690, 40 S. W. 656.] The answer alleges ''the said check was given to plaintiff by defendants wholly without consideration . . . '' It is observed there was no demurrer to the answer and no motion to make more definite and certain. We think the situation here presented is fully determined against plaintiff's contention in the case of Williams v. Mellon, 56 Mo. 262, wherein at page 263, NAPTON, J., speaking for the court said:

''This suit was on a promissory note, the petition being in the ordinary form and containing the usual allegations. The answer admits the execution of the note sued on, but avers and so charges the fact to be 'that the said note was made without any consideration whatever.' On the trial, the defendant offered, in support of his plea, evidence to show that there was no consideration for the note; but this evidence was rejected, and the sufficiency of this answer presented the only point for consideration. The objection to the plea is, that it does not state facts which would avoid the implication arising from the execution of the note. But where it is averred that there was no consideration whatever for the note, it is not easy to see how a more specific allegation of the facts could be made. If the note was a mere voluntary obligation without any consideration whatever, that is an end of the case and the pleader could not more specifically, or in plainer words state the fact, and under this plea he must of course establish this allegation.'' [See also Kessler v. Clayes, 147 Mo. App. 88, l. c. 100, 125 S. W. 799.]

Plaintiff contends there was no competent evidence offered by defendants tending to prove want of consideration, and it was the duty of the court to instruct the jury to find for plaintiff at the close of all the evidence, as plaintiff requested. This ruling of the court is assigned as error.

It is urged there was no evidence tending to show John P. Mills was the agent of John P. Mills Organization, Inc., and that since the law does not indulge a presumption of the existence of an agency, the court erred in admitting in evidence defendants' exhibit "A"; and also erred in permitting defendants to prove statements of John P. Mills, without any proof that Mills was the agent of plaintiff. We hold this position not tenable. The testimony of defendant John B. Bell is to the effect that exhibits "B" and "C" were in possession of plaintiff and so remained until plaintiff was directed by the court to produce them. It is further of record that exhibits "A" and "C" (duplicates) stationery used by John P. Mills, bear the following legend:

"Pantages, Mills, Shreeve & Co.,
Sellers
John P. Mills Organization, Inc.,
Selling Agents—Phone Main 8151
1229 Fifth Street, San Diego, California."

Furthermore, in the body of exhibits "A" and "C" the following appears:

"This sale is made subject to the approval of the John P. Mills Organization, Inc. . . . ".

It is further noted the entire transaction was between John P. Mills and defendants at the place of sale and that the check given at that time was accepted and indorsed by the John P. Mills Organization, Inc., and said organization is now attempting its collection by law. Further it appears that at the time exhibits "B" and "C" were presented in court by its order, they bore the stamp "Cancelled." It appears these documents were attached as exhibits to depositions of officers of plaintiff company, taken in California, and so returned to the court.

In view of testimony to the effect that these exhibits were delivered by defendants to John P. Mills at the time the exhibits were signed, and were presented in court by plaintiff, as above indicated, we may not say there was no proof from which the jury might reasonably conclude John P. Mills was, in fact, the agent of plaintiff. This circumstance arose through the remark of defendants' counsel, in arguing to the court the admissibility of the exhibits:

"I might say that the exhibit I am discussing (exhibit B) is the exhibit attached to his (Mills') own deposition, taken by him at his own request in California."

Of course, statements of counsel in argument are not evidence; yet when unchallenged, as here, they may be accepted by the jury as facts. It is the law that when an exhibit is produced by a party to the action and it is shown it had been in possession of that party at all times, the burden is not on the other litigant to show how the exhibit became effaced. There was no attempt to explain the appearance of the word "Cancelled" on exhibits "B" and "C". If plaintiff desired to have it explained, it was for plaintiff to make the explanation. We hold there was no error in admitting these exhibits in evidence.

It is urged the trial court erred in receiving in evidence statements purporting to have been made by John P. Mills to the defendants, to the effect that the contract (exhibit "B") would be sent to defendants the next day, without first having proof that John P. Mills was an agent of plaintiff. We have carefully read the record and find the trial court carefully guarded the matter and refused to permit the testimony until there was a proper showing of agency. There was no error in this respect.

It is urged as a further reason why the court erred in receiving in evidence exhibit "C", is that it is not a true copy of exhibit "A", as exhibit "C" has the word "Cancelled" on it. This contention is without substantial basis when considered in the light of the testimony, and we need not discuss it further.

It is urged the acts and declarations of John P. Mills were insufficient to prove agency, or the extent of his agency, if any. This is true as a general observation, but other facts and circumstances being present, tending to support the existence of an agency, all may properly be considered together in establishing such proof. The cases cited by plaintiff, to-wit, Universal Paper Products Co. v. Funsten Co., 285 S. W. 516; Fink v. Gregg Realty Co., 296 S. W. 838, and Hicks v. Surety Co., 169 Mo. App. 479, 155 S. W. 71, do not apply.

Plaintiff contends Exhibit "A" shows defendants agreed to purchase the property under the terms and conditions set forth therein, and that it was provided in the event defendants failed to execute a sales contract, the sum of $1500 would be forfeited as liquidated damages; that the offer was supported by a valuable consideration. Based upon this estimate of Exhibit "A", plaintiff argues defendants had no right to withdraw, or revoke the contract after it had been accepted by plaintiff. Citing Lapsley v. Howard, 119 Mo. 489, 495, to the effect that "while a proposal to a contract may be revoked or withdrawn at any time before acceptance, it cannot be afterwards." Plaintiff introduced no evidence in the case excepting the check upon which the suit was based, doubtless depending upon the weakness of defendants' evidence to establish the facts necessary for recovery. Plaintiff treats exhibit "A" as a contract, but under

the facts as above stated, the jury was justified in holding it to be merely a proposal, requiring acceptance by both parties. Defendants signed the contract (Exhibit B) of sale, thereby accepting the same, but the record is barren of any proof of acceptance by John P. Mills Organization, Inc., selling agents, or Pantages, Mills, Shreeve & Co., sellers. Exhibit "A" requires the approval of the John P. Mills Organization, Inc., and provides

"And in the event said sale is not approved, the said John P. Mills Organization, Inc., selling agents *reserves the right to refund all moneys paid hereunder*, (Italics ours) which the undersigned purchaser agrees to accept and hold the said John P. Mills Organization, Inc., and sellers, harmless from any other obligations or liability hereunder."

Defendants insist, and we think properly, that the arrangement between Mills and defendants, as expressed in Exhibit "A" was a unilateral proposition and void for lack of mutuality. This court stated in the case of Royal Brewing Co. v. Oil Company, 205 Mo. App. 616, 618, 226 S. W. 656:

"The question is, is the contract void for lack of mutuality—is it unilateral? The rule in respect to mutuality is that the contract must obligate *each* party to do something in consideration of what the other party does, or is to do. It is frequently difficult in a given contract to say whether this rule is complied with. If the contract purports to bind one party to do something and leaves the other free to do, or not to do, as he may please, the latter is not bound and the contract is void."

Under the facts in the record before us and the law applicable thereto, we hold defendants are right in their contention that the transaction between them and plaintiff is void for want of mutuality; that it was unilateral, and the jury was warranted in deciding there was a want of consideration, and that nothing was ever done by plaintiff to bind it, after defendants gave their check to John P. Mills. In the case of Bruner v. Wheaton, 46 Mo. 363, 366, it is said:

"The next question that arises is whether there was a valid agreement or an acceptance of the proposition according to the terms in which it was made. In order that an acceptance may be operative, it must be unequivocal, unconditional, and without variance of any sort between it and the proposal, and it must be communicated to the other party without unreasonable delay."

There never was a completed contract between the parties. Under the circumstances, defendants were entitled to a directed verdict. The complaint of plaintiff on account of alleged erroneous instructions cannot be of material consequence because defendants were entitled to a verdict in any event; and the fact that erroneous instructions were given, if they were, would not materially affect the

merits of the case. The judgment was for the right party, and the judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.