MISSISSIPPI VALLEY TRUST COMPANY, as Trustee under the Will of EDWARD N. WEBER, Appellant, v. JOHN F. WEBER & BRO. GROCERY COMPANY.—148 S. W. (2d) 578.

Division One, March 13, 1941.

*T. M. Pierce, S. Mayner Wallace* and *A. M. Menzi* for appellant.

*Paul Dillon* for respondent.

BRADLEY, C.—This is an action by the trustee under the will of Edward N. Weber, deceased, to recover $8111.05, alleged to be due the estate of the testator. The cause was tried before the court without a jury. The finding and judgment went for defendant and plaintiff appealed.

The defendant grocery company is a corporation organized in 1900, and was owned by Edward N. and John F. Weber, brothers. Edward N. Weber borrowed (date not shown), for the use of the grocery company, $7800 from plaintiff trust company. The note for the loan was renewed (number of times not shown). The last renewal, for 90 days, was August 16, 1937. Edward N. died October 16, 1937, and John F. died about a year prior. John F. Weber, Jr., is the son of John F., and had been working for the grocery company since 1924. Prior to his death, John F. gave all his stock (50%) in the grocery company to his son, John F., Jr., and Edward N., a bachelor, a short time prior to his death, did likewise.

Plaintiff, as trustee under the will, alleges that the estate of Edward N. paid the $7800 to the trust company, and claims that since the money was borrowed for and used by the grocery company, it should reimburse the estate. The defense is that Edward N., prior to his death, not only gave to his nephew, John F., Jr., the stock in the grocery company, but also gave to him the claim that he (Edward N.) had against the grocery company for the $7800, and interest thereon. This claim is hereinafter referred to as the *indebtedness*.

The present case, in the trial court, was No. 27,200. There was a companion case, No. 27,201, which was by plaintiff as trustee under the will and against the Weber Brothers Realty Company. Both

cases were tried together. It is stated in plaintiff's (appellant's) brief that the realty company case is "on appeal to the St. Louis Court of Appeals."

At the trial defendant apparently *assumed* the burden and called John F., Jr., as a witness. Plaintiff objected to John F., Jr., testifying; contended that since the alleged donor, Edward N., was dead, John F., Jr., the alleged donee, was not, under Sec. 1723, R. S. 1929, 6 Ann. Stat., p. 3994, a competent witness. Plaintiff had taken the deposition of John F., Jr., and defendant argued that by doing so, the point was waived, but defendant countered by saying that in the deposition John F., Jr., was not interrogated by it as to the alleged gift of the *indebtedness,* and that, therefore, there was no waiver. The objection was overruled and John F., Jr., testified, and was cross-examined by plaintiff. Defendant offered no further evidence, and plaintiff's counsel said that he "would like to offer in evidence the deposition of this witness" (John F., Jr.). Then follows, in the record, the deposition. At the close of the deposition, as appears in the record, counsel for plaintiff stated that his reason for offering the deposition was to show that John F., Jr., "was not examined (in the deposition) by the plaintiff concerning" the alleged gift of the *indebtedness.* Then counsel for plaintiff moved to strike all the evidence of John F., Jr., on the ground that he was not a competent witness under Sec. 1723, and also moved for judgment on the pleadings. These motions, both oral, were not ruled by the court. Instead the court said, "Well, I suggest we go on with the case. Have you anything more?" Thereupon, counsel for plaintiff said, "Nothing except the motion for findings." Then plaintiff, in writing, asked the court to find that the evidence of John F., Jr. (if held to be competent) was not sufficient to establish the alleged gift of the *indebtedness,* and asked that "under the pleadings and the evidence," the judgment be for plaintiff. Defendant asked the court to find that, "as a matter of fact, no evidence was offered showing that defendant owed any sum to plaintiff as trustee under the will of Edward N. Weber, deceased," and the court so found.

In the brief plaintiff (appellant) says: "At most, the testimony of John F. Weber, Jr., was to the effect that the deceased intended to make such a gift (of the *indebtedness*), but there was no testimony whatsoever to show that any such alleged gift was ever consummated or effectuated by any change in the grocery company's books or by any assignment by the deceased or by anything in the last will of the deceased or by any other means; and, therefore, the ruling of the trial court to the effect that a valid gift had been made was erroneous."

John F., Jr., testified in detail about his uncle Edward N. giving to him the grocery stock, which was assigned and delivered, but at no time said that he gave to him the *indebtedness.* He said that he was to have the grocery stock "free and clear," but as to the gift of

the *indebtedness,* he said, five times while on the stand and twice, on cross-examination, in the deposition, that his uncle said that he (the uncle) would pay the $7800 to the trust company when he (the uncle) died, or that it would be paid when he died.

It is conceded that Edward N. borrowed $7800 from plaintiff trust company and that it was borrowed for the use of the grocery company and was so used, and as stated, plaintiff alleged that the estate of Edward N. paid the $7800 note to the trust company, but there was no definite proof to that effect. However, plaintiff argues that defendant's answer is tantamount to an admission that the grocery company would owe the trust company, as trustee under the will, the amount sued for, except for the alleged gift of the *indebtedness.* In other words plaintiff contends that the answer is a confession and a plea of avoidance. This, the defendant denies.

The answer makes some admissions about which there is no controversy, and then alleges that the defendant, at the time of Edward N. Weber's death, was not indebted to him in any sum, and further alleges that prior to his death Edward N. gave all of his stock in the grocery company to John F., Jr., "and *transferred* any and all *indebtedness* that said defendant *may* have owed him (Edward N.) to John F. Weber, Jr.; and defendant says that at the time of the death of Edward N. Weber it owed said Edward N. Weber nothing at all" (italics ours).

In the situation it will not be necessary to rule the question on the alleged waiver as to the competency of John F., Jr., as a witness. There was no evidence tending to establish the alleged gift, and such is so, even though Edward N. said that John F. was to have the grocery stock *free and clear.* An *inter vivos* gift is claimed. Such gifts "must be established by clear and convincing testimony," and especially such is true "where such gift is not asserted until after the death of the alleged donor, and gifts thus preferred after the death of the alleged donor are regarded with suspicion." [In re Franz' Estate, 344 Mo. 510, 127 S. W. (2d) 401, l. c. 404, and cases there cited.] Where the subject of an alleged gift "is the indebtedness of a third person which (indebtedness) is not evidenced by a written instrument, it is usually held that in order to constitute a valid gift thereof, there must be an assignment in writing or something equivalent thereto, and the transfer must be actually executed." [24 Am. Jur., p. 763, sec. 67. See also Adams, Exr., v. Merced Stone Co., 176 Cal. 415, 178 Pac. 498, 3 A. L. R. 928, and note 933 et seq.; Hawn v. Stoler, 208 Pa. St. 610, 57 Atl. 1115, 65 L. R. A. 813; Harden (Modern Brotherhood of America) v. Harden, 191 Ky. 331, 230 S. W. 307, 17 A. L. R. 576.] There is no claim that the *indebtedness* was evidenced by a written instrument, and there was no *delivery* or *transfer* of the *indebtedness,* symbolical or otherwise, to John F., Jr. In such situation there was no *gift.*

[Albrecht v. Slater et al. (Mo.), 233 S. W. 8, l. c. 10; 12 R. C. L., p. 932, sec. 10; 28 C. J., p. 626, secs. 15, 39.]

As between the Edward N. Weber estate and the grocery company, the estate's situation may be likened to that of a surety who cannot sue the principal debtor until he (the surety) has paid the debt for which he is surety, Hildrith v. Walker et al. (Mo. App.), 187 S. W. 608, and there is no evidence that the Edward N. Weber estate has *paid* the note given to the trust company by Edward N. Weber. It is true that defendant, as stated, apparently assumed the burden and that the trial proceeded as though the only question was on the alleged *gift*. Also, the answer would suggest that there is no defense except the alleged gift. Plaintiff asks that the judgment be reversed and cause remanded with direction to enter judgment for plaintiff for the amount sued for, but in the situation, we think the judgment should be reversed and the cause remanded, so that plaintiff may make proof of payment of the note, and it is so ordered. *Hyde* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.