STATE OF MISSOURI at the Relation of G. BLANCHARD SMITH, Relator, v. EWING C. BLAND, NICK T. CAVE, and SAMUEL A. DEW, Judges of the Kansas City Court of Appeals, HELEN GERTRUDE SMITH and the EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a Corporation.—No. 39248.—186 S. W. (2d) 443.

Division Two, March 5, 1945.

Rehearing Denied or Motion to Transfer to Banc Overruled, April 2, 1945.

1074

*Walter A. Raymond* for relator.

*Glen V. Graf* and *Roger S. Miller* for respondents.

*Henry I. Eager* and *Michael, Blackmar, Newkirk, Eager & Swanson* for respondent The Equitable Life Assurance Society of the United States.

ELLISON, P. J.—Certiorari to the Judges of the Kansas City Court of Appeals in G. Blanchard Smith v. Helen Gertrude Smith et al., reported in 181 S. W. (2d) 793. Reference is made to that opinion for a fuller statement of the facts.

The relator's suit in the circuit court was for a declaratory judgment, to determine his rights and the rights of his wife and the defendant insurance companies in three insurance policies on his life in favor of his wife. The relator and his wife were separated but not divorced. The wife claimed the three policies as an executed

gift from him. He contended there had been no gift, and that the evidence was insufficient to establish it. He and his wife had previously made a property settlement whereby he agreed to pay her a stipulated amount each month, but later, by another contract, this amount was reduced. Following that, the wife became ill and went to a hospital. There was a doctor's bill to pay. She testified the relator promised to send her the three policies after "she was settled"—she was going to visit her sister in Ohio, and did go.

The wife testified further that while she was in Ohio she received a letter from relator's sister stating that relator had left the three policies with the sister to mail to her (the wife). This was about the time the relator had gone on a trip to California. The wife did not answer the sister's letter promptly, whereupon the sister's husband wrote her asking if the policies should be sent to her. Neither of these letters was introduced in evidence, but the wife's testimony concerning them went in without objection. The wife did not testify that she answered her brother-in-law, but at any rate she said the policies did come to her in Ohio by registered mail, with the Kansas City home address marked on it as a return address, but without any accompanying letter in the envelope. Thus the wife got possession of the policies.

Relator's sister and brother-in-law did not testify, although they came to live at the relator's home after the time when the wife claimed relator had given her the policies—thus warranting an inference that they were friendly to the relator and would have denied the wife's testimony if it was false. Also the wife testified the relator kept the policies in his bank box the last she knew anything about it—thereby indicating it would have been necessary for him to authorize their removal from the bank box for mailing to her.

Relator testified he did not know anything about the mailing of the policies to the wife until he wrote the insurance companies, or one of them, about changing the beneficiary therein, and was informed he would have to surrender the policies or procure an assignment from his wife. The companies refused to let the wife pay premiums on the policies unless she got an assignment of them. The relator declared he kept the policies in his desk at home—thus warranting an inference that the policies were accessible to his sister and brother-in-law without his knowledge or consent. He further denied he had authorized the sending of the policies to the wife and alleged she got them wrongfully and illegally. The respondent judges treated the case as in equity, and affirmed the decree of the circuit court upholding the wife's title to the policies as executed gifts.

█ The relator makes four assignments of conflict with our decisions. The first is that respondents' opinion erred in holding the burden was on relator to prove the wife obtained possession of the three policies, which she claimed as a gift, wrongfully and illegally.

It is contended this holding conflicts with three decisions of ▮▮▮ this court.[1] Of these, the Spencer case held "the burden of *proof* is on one claiming to be the donee of property to establish all facts essential to the validity of the gift." The Wilkerson case followed the same rule, applying it to gifts of realty as well as personalty; but it conceded that the burden of *evidence* would be on the plaintiff to show fraud, if he had alleged it in his petition. Both cases discussed the distinction between the burden of proof throughout a case and the burden of evidence, or going forward. The Horn case applied the burden of proof rule to gifts of personalty.

The brief for respondents, filed by the wife's counsel below, concedes the foregoing rules, but argues that respondents' opinion only means the relator carried the burden of evidence in the trial court. So we must turn to that part of the opinion, found in 181 S. W. (2d) l. c. 797(6), where it is said (italics ours):

"It must be kept in mind that the basis of plaintiff's petition is the charge 'that said contracts of insurance . . . were wrongfully and illegally removed and taken from the plaintiff's possession by the defendant, Helen Gertrude Smith, without his permission; that at no time did he give, assign or turn over to her said contracts of insurance or any rights therein, but that she did, without his consent or approval, take said contracts and withhold the possession of said contracts from him. . . . ' This is a charge which the plaintiff must *prove* and he did testify to that effect, but the wife's evidence is to the contrary and we think it is corroborated and supported by all the circumstances and facts introduced in evidence, some of which are not disputed. . . ."

It will be observed the quoted excerpt stresses the fact that relator's petition pleaded the insurance policies were wrongfully removed from his possession by the defendant without his permission; and that he never gave them to her. Then the opinion goes on to say that was a charge which relator must *prove*; and that he did so testify; but that his testimony was outweighed by that for the wife, as found by the trial chancellor who saw the witnesses. This plainly is not a ruling on the burden of *evidence,* or going forward. As the opinion says, the relator did go forward: he presented his testimony on the issue. There was no procedural question to be discussed on the order of presenting the evidence. The question under discussion was whether the relator had proved what he was bound to prove. The ruling was on the weight of the evidence, and the opinion said in the paragraph following the one quoted above, that respondents were "inclined to defer to the findings of the chancellor." We think this part of the opinion does conflict with the three cases cited in marginal note 1.

[1]Spencer v. Barlow, 319 Mo. 835, 845 (bottom of page), 846-7(4), 5 S. W. (2d) 28, 32(3), (7); Wilkerson v. Wann, 322 Mo. 842, 856(2), 16 S. W. (2d) 72, 77(7); Horn v. Owens (Mo., Div. 1), 171 S. W. (2d) 585, 591(6).

▇ The next two assignments of conflict are that respondents' opinion held the wife's actual physical possession of the policies relieved her of the burden of proving they had been delivered to her as a gift; and also refused to follow the rule that her proof of the gift should be clear and conclusive. Relator contends these holdings conflict with the cases cited below.[2] The part of respondents' opinion assailed under this assignment will be found in 181 S. W. (2d) l. c. 797(5), as follows (parenthesis ours):

"Plaintiff argues that since Mrs. Smith is claiming title to these policies by gift, that the burden of proof is on her and that it should be clear and conclusive; and that proof of delivery is essential where personal property is claimed by a gift (citing four of the cases listed in marginal note 2, though not always the same pages). Those cases do announce such general principles but the facts in this case distinguish it from those. In the instant case it is conceded that the donee has the actual physical possession of the personal property . . . In Gillespie v. Gillespie, 289 S. W. 579, loc. cit. 581, the Supreme Court, in discussing the question ▇ of the delivery of a deed, said, 'The question whether there was a delivery is to be determined in each case in consideration of the facts in the particular case, the relation between the parties, and all the circumstances.' We think this is the accepted rule in this state and should be applied here."

Now in the cited cases, the gift *was* in the possession of the party who claimed it in the Spencer and Franz cases, and the same was true in the Rothemeier case; and yet these three decisions nevertheless held the burden was on the claimant to prove the gift, which, of course, would include the voluntary delivery of the subject of the gift. All of the cases cited are authority on the latter proposition. We think respondents' opinion contravenes them insofar as it holds the fact that the donee was in actual physical possession of the gift dispenses with proof that the delivery was intentional and voluntary.

▇ Next, on the question whether the evidence to establish the gift must be clear and conclusive. The Jeude, Frank, Stein and Miss. Valley Trust Co. cases say that is the rule "especially" when the gift is not claimed as such until after the death of the donor. The Cartall case concedes circumstantial evidence of the nature of the gift, the relations between the parties and the donee's dominion over the gift

---

[2]Spencer v. Barlow, supra, 319 Mo. l. c. 845, 5 S. W. (2d) l. c. 31(1); Trautz v. Lemp, 329 Mo. 580, 606-7, 46 S. W. (2d) 135, 144(20); Roethmeier v. Veith, 334 Mo. 1030, 1036(2), 1037(4), 69 S. W. (2d) 930, 933(2), 934(7); Jeude v. Eiben, 338 Mo. 373, 394(6), 89 S. W. (2d) 960, 971(7); In re Franz's Est., 344 Mo. 510, 520(3); 127 S. W. (2d) 401, 404(5); Stein v. Mercantile Home Bank & Trust Co., 347 Mo. 732, 738(2), 148 S. W. (2d) 570, 572(3); Miss. Valley Trust Co. v. Weber & Bro. Groc. Co., 347 Mo. 739, 742(1), 148 S. W. (2d) 578, 580(2); Cartall v. St. L. Union Trust Co., 348 Mo. 372, 383(1), 384(2), 153 S. W. (2d) 370, 374(1, 2).

during the life of the donor may be persuasive, but does not recede from the rule announced in the four other cases last referred to, as we read it.

But the Cartall case is the only one in which the donor and donee were, respectively, husband and wife. And respondents' opinion cites another case, Gillespie v. Gillespie (Mo., Div. 1), 289 S. W. 579, where a husband purchased land and caused the deed to be made to his wife. She produced a witness who testified the husband delivered the deed to her and told her it was hers. The deed was not recorded, and four years later the husband destroyed it and had one made to himself. Respondents cite the decision in their opinion only on the question as to the *character* of evidence necessary to show delivery of a deed.

They do not refer to another holding in the Gillespie case, that such conveyances are presumed to be a settlement on or gift to the wife; and that the presumption can be overcome only "by clear and positive evidence, leaving no doubt in the mind of the chancellor." There are other decisions to the same effect;[3] and some not requiring, explicitly at least, such a high degree of proof to overcome the presumption.[4] We believe these authorities can be harmonized only by construing them to mean that when the husband denies *any* title was conveyed to the wife, the burden is on her clearly to prove the gift; but where he concedes title passed and seeks to establish that she holds it for him under a resulting trust, a similar burden rests on him.[5] As stated, respondents do not discuss this question, but they do exempt the cause from the rule laid down in the decisions referred to in the second preceding paragraph; and that far contravene those decisions—according to our view.

■ The fourth assignment of conflict is that respondents' opinion conflicts with Mechanics' Am. Nat'l Bank v. Rowell (Mo., banc), 182 S. W. 989, 991(3), in holding there was sufficient evidence to make a prima facie showing of the agential authority of relator's sister to act for him in sending the insurance policies to the wife in Ohio. The facts, and respondents' holding thereon, will be found in 181 S. W. (2d) l. c. 796-7 (2, 3). The holding in the Mechanics' Bank case, supra, in substance was that an agency cannot be proven by the mere declarations of the alleged agent without some independent corroborating evidence. Respondents cite that case and concede it states

---

[3]Schwind v. O'Halloran, 346 Mo. 486, 494(3), 142 S. W. (2d) 55, 59(8); Woerheide v. Kelley (Mo., Div. 1), 243 S. W. 158, 163(7); Viers v. Viers, 175 Mo. 444, 453-4, 75 S. W. 395, 397-8.

[4]Platt v. Huegel, 326 Mo. 776, 785(5), 32 S. W. (2d) 605, 608(4); Clark v. Clark, 322 Mo. 1219, 1227(1), 18 S. W. (2d) 77, 81(1); Bender v. Bender, 281 Mo. 473, 477, 220 S. W. 929, 930(2); Lins v. Linhardt, 127 Mo. 271, 287, 29 S. W. 1025, 1029.

[5]Fulbright v. Phoenix Ins. Co., 329 Mo. 207, 216(2), 44 S. W. (2d) 115, 117(3); Wavrin v. Wavrin (Mo., Div. 2), 220 S. W. 931, 932(2).

good law. But they point out that the wife testified without objection about receiving a letter from relator's sister in which the latter said she had been instructed to send the policies to the wife. Then they refer to other facts and circumstances indicating an agency. An agency may be proven by circumstantial evidence, and such evidence is competent to corroborate the agent's declarations of his authority. Mills Organization v. Bell, 225 Mo. App. 685, 690, 37 S. W. (2d) 680, 683(8). We must overrule this assignment.

For the reasons stated in the preceding paragraphs, respondents' record is quashed. All concur.